UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

CLINT DARRELL WILLIAMS,

           Petitioner,           Case No. 2:25-cv-138

v.                                        Honorable Maarten Vermaat

JEFFREY HOWARD,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

**I.      Factual Allegations**

Petitioner is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. On October 25, 2022, a Kalamazoo County Circuit Court jury convicted Petitioner of one count of armed robbery, in violation of Mich. Comp. Laws § 750.529, and one count of unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b. On November 9, 2022, the trial court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to serve concurrent sentences of 24 to 40 years' imprisonment for the armed robbery and 12 to 30 years' imprisonment for unlawful imprisonment. *See People v. Williams*, No. 364032, 2024 WL 1125399, at *1 (Mich. Ct. App. Mar. 14, 2024). The Michigan Court of Appeals affirmed Petitioner's convictions and sentences on March 14, 2024. *See id.* Petitioner did not seek leave to appeal to the Michigan Supreme Court.

The Court received Petitioner's § 2254 petition on June 17, 2025. Petitioner indicates that he gave his § 2254 petition to prison authorities for mailing to the Court on June 12, 2025. (§ 2254 Pet., ECF No. 1, PageID.14.) Under Sixth Circuit precedent, Petitioner's § 2254 petition is deemed filed as of June 12, 2025. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Petitioner raises the following grounds for relief in his § 2254 petition:

I.    Witness testimony impermissibly encroached on the province of the jury, which denied [Petitioner] a fair trial, by narrating videos and rendering opinions on the ultimate issues of fact.

II.   [Petitioner] was denied [his] constitutional right to a fair trial when the prosecutor engaged in improper and prejudicial cross-examination of [Petitioner].

III.  The trial court's improper comment on some of the evidence deprived [Petitioner] of a fair trial.

2

    IV.    The trial court['s] refusal to give a requested jury instruction on the lesser included offense deprived [Petitioner of] a fair trial.

(§ 2254 Pet., ECF No. 1, PageID.6–10.)

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan

3

Court of Appeals affirmed Petitioner's convictions and sentences on March 14, 2024. *See Williams*, 2024 WL 1125399, at *1. Petitioner, however, did not seek leave to appeal to the Michigan Supreme Court.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party in a criminal case has 56 days after the court of appeals has entered an order or opinion resolving an appeal or original action to file an application for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2)(a). For Petitioner, that 56-day period expired on Thursday, May 9, 2024. Petitioner, therefore, had one year from May 9, 2024, until Friday, May 9, 2025, to file his § 2254 petition. As set forth above, Petitioner did not file his § 2254 petition until June 12, 2025. Thus, absent tolling, Petitioner filed his federal habeas petition more than one month after the time for direct review expired.

### B.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)

4

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner, however, indicates that he did not file any applications for state post-conviction review. (§ 2254 Pet., ECF No. 1, PageID.3.) Thus, at this time, it does not appear that Petitioner is entitled to statutory tolling of the limitations period, and that the limitations period expired on May 9, 2025.

C. **Equitable Tolling**

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

5

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E. Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State

action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that § 2244(d)(1)(D) renders his § 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, the four grounds for relief that Petitioner raises in his § 2254 petition mirror four of the claims he raised on direct appeal before the Michigan Court of Appeals. In light of that fact, the Court sees no possibility that § 2244(d)(1)(D) could apply to render Petitioner's § 2254 petition timely filed.

In sum, based on the allegations set forth in the petition, the one-year limitations period expired a little more than a month before Petitioner filed his § 2254 petition on June 12, 2025. Petitioner offers no basis for statutory tolling or equitable tolling. Moreover, as set forth above, Petitioner has not demonstrated entitlement to belated commencement of the limitations period at this time.

## Conclusion

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   August 4, 2025                                        /s/ *Maarten Vermaat*
                                                               Maarten Vermaat
                                                               United States Magistrate Judge